## IN THE U.S. DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ENCHANTEDMOB, INC.,

       Plaintiff,

v.

ELISA-US, et al.,

       Defendants.

Case No. 22-cv-02094

**Judge Franklin U. Valderrama**

**Magistrate Judge Maria Valdez**

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT ZHENLIK FOR COMMITTING FRAUD ON THE COURT

Plaintiff EnchantedMob, Inc. ("Plaintiff"), by its counsel, moves this Honorable Court to enter sanctions against Defendant Zhenlik ("Defendant") for committing fraud on the Court.

## INTRODUCTION

Plaintiff's investigation has confirmed that the same individual ghost-writing documents filed in this case on behalf of Defendant Zhenlik has ghost-written and filed similar documents for at least seventeen other "*pro se*" defendants in twelve cases filed in this District. Similar Motions for Sanctions are pending against this same ghost-writer in in *Bludgeon Riffola Ltd. v. The P'ships*, No. 21-cv-02525 (N.D. Ill. Jun. 22, 2022) (Dkt. No. 98) and *Wham-O Holding, Ltd. v. The P'ships*, No. 21-cv-02571 (N.D. Ill. Jun. 28, 2022) (Dkt. No. 37). *See* Exhibit 1 to the Declaration of Isaku Begert ("Begert Decl."). Such widespread ghost-writing of pleadings to obtain deference that is typically afforded to *pro se* litigants is fraudulent and fundamentally unfair. This Court should not tolerate a person with legal training hiding in the shadows, drafting pleadings for defendants, and filing the documents under the guise of "*pro se*." *See Pink Floyd (1987) Ltd. v. P'Ships*, No. 21-cv-03339 (N.D. Ill. Jun. 2, 2022) (Dkt. No. 78) (unpublished) (finding that the defendant and ghost

1

writer committed fraud on the court and entering judgment against defendant). Such misrepresentations amount to the unauthorized practice of law[1] and fraud on the Court. Sanctions are appropriate to punish and deter such conduct.[2] As such, Plaintiff requests an order striking Defendant's filings [34] and [35][3] based on Defendant's misrepresentation as a "*pro se* litigant."

## **BACKGROUND**

### I.  **Procedural Background**

Plaintiff filed this action on April 22, 2022 [1]. On May 10, 2022, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [21], subsequently extended the TRO [28], and converted the TRO into a Preliminary Injunction [33]. Paragraph 7 of the TRO permitted Plaintiff to complete service of process to Defendant by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website and sending an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Zach Belanger and any e-mail addresses provided for Defendant by third parties that includes a link to said website. [21] at ¶ 7. Defendant was properly served on May 25, 2022. [31].

On June 6, 2021, an individual filed a *pro se* appearance [34] and a Motion to Vacate Preliminary Injunction Order [35] on behalf of Defendant.

---

[1] Over the past year, Plaintiff's counsel has encountered over 25 licensed U.S. attorneys that represented China-based e-commerce sellers, many on a regular basis. As such, there are plenty of U.S. licensed attorneys for China-based e-commerce sellers to obtain representation.

[2] Plaintiff's previously filed Motion for Sanctions Pursuant to Rule 37 for failing to respond to discovery request is also pending before the Court. *See* [38].

[3] Plaintiff has concurrently filed its Motion for Entry of Default and Default Judgment against all Remaining Defendants, including Defendant Zhenlik.

## II.     PDF Metadata Analysis

In addition to the email address provided to Plaintiff by Amazon.com, zaichuangjiajiba@sina.com, Defendant's appearance included the email address duoroupu@yeah.net.[4] [34]. PDF metadata[5] for Defendant's Motion identifies the author[6] as "GA310" and that the file was produced using Neevia PDF Stamp v4.0. Begert Decl. at ¶ 3. The Motion has the same look and feel, including the use of the Calibri font and a center-aligned signature block that explicitly points out that Defendant is a *pro se* litigant. *Id.* Despite purportedly being a *pro se* litigant, the documents refer to Defendant in the third person. *Id.* The documents also read like they were drafted by a lawyer with legal training, including citations to specific U.S. statutes and unpublished cases from multiple different district courts. *Id.*

Plaintiff's investigation has identified documents filed on behalf of seventeen other "*pro se*" defendants in twelve cases that all have these same unique identifiers. *Id.* at ¶ 4; *see* Table 1 *infra*. Specifically, PDF metadata for each of the twelve other "*pro se*" filers shows that the filings were also authored by "GA310" and produced using Neevia PDF Stamp v4.0. *Id.* Each of these filings has other similar features, including font, referring to defendants in the third person, layout and center-aligned signature blocks. *Id.*

---

[4] Yeah.net is a commonly used China-based free email service.

[5] *See* Tiwari, Ashish, *What is PDF Metadata: Everything You Need to Know*, CommonLook, https://commonlook.com/pdf-metadata-definition-view-edit-change-remove-importance/ (May 13, 2020). To view metadata for a PDF file in Adobe Acrobat, choose File > Properties and click the tab in the Document Properties dialog box.

[6] Metadata is unique to the individual user. For example, the metadata Author field for the Complaint [1] PDF is "kkolis" (a paralegal for Plaintiff's law firm) and the PDF Producer is Microsoft: Print to PDF. The USCO copyright report [10] PDF metadata Author is US Courts and the PDF producer is Acrobat Distiller 17.0.

| No. | NDIL Case No and Docket No. | Filing | Defendant Name |
|---|---|---|---|
| 1 | 21-cv-05331 [60] | Opposition To Plaintiff's Motion For Default Judgment | Athli, Frroy and LierTOUR |
| 2 | 21-cv-05331 [62] | Response to Plaintiff's Motion For Default Judgment and Complaint | chuyanxi |
| 3 | 21-cv-05339 [45] | Reply to plaintiff's response | Di Long |
| 4 | 21-cv-05339 [55] | Motion To Modify Judgment Order | HAOCHEN |
| 5 | 21-cv-06162 [38] | Opposition To Plaintiff's Motion For Preliminary Injunction Order | JOLLGII |
| 6 | 21-cv-05331 [28] | Opposition to plaintiff's motion to extend temporary restraining order | Keeplus2021 |
| 7 | 21-cv-05331 [63] | Answer to plaintiff's complaint | Lin Qinlan, Athli, Frroy and LierTOUR |
| 8 | 22-cv-02450 [34] | Opposition To Plaintiff's Motion for Preliminary Injunction Order | Luo Dan |
| 9 | 21-cv-05331 [36] | Motion for relief | MANmanDanta |
| 10 | 22-cv-02705 [38] | RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ORDER | drindf |
| 11 | 22-cv-01172 [36] | Opposition To Plaintiff's Motion for Preliminary Injunction Order | Kingspinner 715 days |
| 12 | 22-cv-02525 [78] | Motion to Vacate Judgment Order | Womens Dresses - YIISU |

*Table 1*

The individual ghostwriting briefs has also sent emails directly to Amazon's outside counsel from email address ipcounsel@yeah.net ("ip" is a common abbreviation for intellectual property) for over a dozen defendants that link to defendants in Table 1. *Id*. at ¶ 5. The email address ipcounsel@yeah.net was also copied on an email to Plaintiff's counsel for Defendant Viccki in NDIL Case No. 21-cv-01986. *Id*. at ¶ 6. Defendant Viccki filed a "*pro se*" Motion to Dismiss that has the same unique similarities as the filings for Defendant in this case and the defendants in Table 1 except that the metadata author field was left blank. *Id*.

4

## ARGUMENT

### I. Ghost-Writing Filings For *Pro Se* Litigants Is Not Permitted

The practice of attorneys "ghost-writing" briefs on behalf of *pro se* litigants raises serious issues of professional misconduct and has been condemned by several courts. *See Chriswell v. Big Score Ent., LLC*, 2013 WL 315743, at *4 (N.D. Ill. Jan. 28, 2013) (citing *Ricotta v. California*, 4 F. Supp. 2d 961, 987 (S.D. Cal. 1998) ("Attorneys cross the line … when they gather and anonymously present legal arguments, with the actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court. With such participation the attorney guides the course of litigation while standing in the shadows of the Courthouse door.")); *see also In Art Ask Agency v. The P'ships*, No. 21-cv-06240 (N.D. Ill. Apr. 5, 2022) (Dkt. No. 46) (unpublished) ("Based on the Court's review of defendant's motion to dismiss and supporting papers the Court has strong reason to believe that they were drafted by or with the assistance of an attorney. If so, this raises serious ethical and professional conduct issues."). "This is because such conduct circumvents the requirements of Federal Rule of Civil Procedure 11, which obligates members of the bar to sign all documents submitted to the court, and to personally represent that there are grounds to support the assertions made in each filing." *Chriswell*, 2013 WL 315743, at *4.

Ghost-written briefs also raise issues of fundamental fairness. *Chriswell*, 2013 WL 315743, at *4. Federal courts are generally required to give *pro se* litigants greater latitude than litigants who are represented by counsel. *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Thus, it would be patently unfair for a *pro se* litigant to benefit from the less stringent standard applied to *pro se* litigants if, in fact, they are receiving substantial behind-the-scenes assistance from counsel. *Chriswell*, 2013 WL 315743, at *4. Those who participate in ghost-writing, including the lawsuit party and ghost-writer, have committed fraud on the court.

*See Pink Floyd (1987) Ltd. v. P'Ships*, No. 21-cv-03339 (N.D. Ill. Jun. 2, 2022) (Dkt. No. 78) (unpublished) ("this Court concludes by a preponderance of the evidence that [Defendant] – and whoever the lawyer is who remains hidden in the shadows – has committed a fraud on the Court.").

## II. Defendant's Ghost-Written Filings Are Part of a Widespread Ghost-Writing Campaign By An Unknown Individual With Legal Training

The evidence establishes a widespread pattern in over a dozen cases of fraud on the court by a person with legal training that has filed papers for *pro se* litigants. First, the filings in this case read like they were drafted by an attorney or someone with significant legal training, who did not reveal himself or herself and did not enter an appearance on the docket. *See Chriswell*, 2013 WL 315743, at *4 ("Chriswell's brief contains robust legal analysis and argument that is indicative of a licensed attorney's work."); *Pink Floyd (1987) Ltd. v. P'Ships*, No. 21-cv-03339 (N.D. Ill. Jun. 2, 2022) (Dkt. No. 78) (unpublished) ("the filings by [Defendant] reflect a high level of sophistication, expertise, and familiarity with complicated legal issues, and the caliber of the filings is not consistent with a *pro se* litigant in a foreign country who is 'unfamiliar with the American legal system.'"). Specifically, Defendant's filings included developed legal argument with citations to specific U.S. statutes and unpublished cases. *See* [35]. The caliber of Defendant's filings is not consistent with a "foreign *pro se* litigant."

PDF metadata analysis confirmed that the same individual that authored Defendant's Motion [35] has made similar filings for at least seventeen other defendants in twelve other cases. *See* Table 1, *supra*. The filings have the same look and feel, refer to the defendant in the third person, and include other similar features such as the Calibri font and a center-aligned signature block. Begert Decl. at ¶¶ 3-4. Additionally, some of the signature blocks explicitly point out that the defendant is a *pro se* litigant, even though the text of the documents themselves refer to the defendant in the third person. *Id.* All of the filings were also produced using the same PDF program

and version number — Neevia PDF Stamp v4.0. *Id.* Defendant's Motion and the filings in Table 1 are also connected through multiple email addresses using the @yeah.net free email service, including ipcounsel@yeah.net, who are savvy enough to know the direct contact at Amazon's outside counsel. *See id.* at ¶¶ 4-6.

### III. Sanctions Are Appropriate To Remedy Defendant's Misconduct and Deter Future Widespread Ghost-Writing

Given the willful nature of Defendant's actions, striking Defendant's filings and granting Plaintiff's concurrently filed Motion for Entry of Default and Default Judgment is the only appropriate sanction. *See Pink Floyd (1987) Ltd. v. P'Ships*, No. 21-cv-03339 (N.D. Ill. Jun. 22, 2022) (Dkt. No. 78) (unpublished) (finding that the defendant and ghost writer committed fraud on the court and entering judgment against defendant). As other courts have discussed, ghost-written pleadings can result in disciplinary proceedings and sanctions. *Gajewski v. Ocwen Loan Servicing, LLC*, 2015 WL 3961611, at *2 (N.D. Ill. Jun. 25, 2015) (unpublished) (citing *Chriswell*, 2013 WL 315743, at *4), *aff'd sub nom. Gajewski v. Ocwen Loan Servicing*, 650 Fed. Appx. 283 (7th Cir. 2016).

Courts have found that sanctions in the form of striking filings and ordering a party to identify the ghost-writer are appropriate. *Chriswell*, 2013 WL 315743, at *4 (citations omitted) (noting that courts have considered disciplinary proceedings and sanctions, refused to accept the plaintiff's complaint, or ordered the *pro se* plaintiff to disclose the identity of the person who had been assisting her in drafting her pleadings); *Thigpen v. Banas*, 2010 WL 520189, at *2 (N.D. Ill. Jan. 28, 2013) (striking the plaintiff's amended pleading); *Johnson v. City of Joliet*, 2007 WL 495258 at *3 (N.D. Ill. Feb. 13, 2007) (ordering a plaintiff to disclose to the court in writing the identity, profession and address of the person who has been assisting her, as "[w]e suspect that

Johnson is working with an unidentified attorney, although it is possible that a layperson with legal knowledge is assisting her. Regardless, neither scenario is acceptable").

Here, striking Defendant's filings and granting Plaintiff's concurrently filed Motion for Entry of Default and Default Judgment as to Defendant is the appropriate sanction. This relief is appropriate because it will return the parties to their former state prior to Defendant's fraudulent pleadings being filed and will deter similar actions in this case as well as in other cases in this District.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court enter sanctions against Defendant. Plaintiff requests an order striking Defendant's filings [34] and [35] and granting Plaintiff's concurrently filed Motion for Entry of Default and Default Judgment against Defendant based on Defendant's misrepresentation as a "*pro se* litigant."

Dated this 29th day of June 2022.         Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Isaku M. Begert
Kahlia R. Halpern
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ibegert@gbc.law
khalpern@gbc.law

*Counsel for Plaintiff EnchantedMob, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of June 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of E-Filing" to the parties of record in this case, including Defendant Zhenlik.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Isaku M. Begert
Kahlia R. Halpern
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ibegert@gbc.law
khalpern@gbc.law

*Counsel for Plaintiff EnchantedMob, Inc.*